UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | 5:16-CR-661-001 |
| | § | |
| NOLAN PEREZ-PEREZ | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

On September 11, 2019, the undersigned held a final hearing on the U.S. Probation Office's Petition for Warrant or Summons for Offender Under Supervision and Supplement. (Dkt. Nos. 94, 103.) The Government was represented by Assistant United States Attorney Paul Harrison. The Defendant, Nolan Perez-Perez, was represented by Francisco Valcarcel.

The Defendant was sentenced on December 13, 2016, before the Honorable U.S. District Judge Marina Garcia Marmolejo in the Southern District of Texas, Laredo Division, after pleading guilty to conspiracy to transport and move and attempt to transport and move an undocumented alien within the United States by means of transportation, in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(v)(I), and 1324(a)(1)(B)(i). Defendant was sentenced to twenty-four (24) months imprisonment followed by two years of supervised release subject to a court-imposed condition ordering him not to return to the United States illegally if deported. (Dkt. No. 94.) Defendant's term of supervised release began on January 19, 2018. *Id*.

The Probation Office filed the instant petition on April 30, 2019 and a Supplement on May 20, 2019. (Dkt. Nos. 94, 103.) In the Petition and Supplement, the Probation Office alleged three violations:

(1) New Law Violation: Possession of A Controlled Substance (PG3-3-3rd Degree Felony);

(2) New Law Violation: Possession of a Controlled Substance (PG2-1 gram-3rd Degree Felony); and

(3) Failure to Notify USPO Within 72 Hours of Arrest or Questioning by Law Enforcement Officer.

*Id*. With respect to the first allegation, Defendant was found in possession of rectangular pills during a traffic stop on April 16, 2019. (Dkt. No. 94 at 2.)  During the stop, Police observed the car's passenger throw something out the window, which was later identified as a baggie with rectangular pills inside.  Defendant, the passenger, allegedly admitted that the pills belonged to him.  With respect to the second allegation, Defendant was arrested and charged with possession of a controlled substance on December 21, 2018. (Dkt. No. 103 at 2.)  That morning, Laredo Police responded to reports about a person being asleep inside a truck in the middle of the road. Police identified the Defendant in the vehicle.   Defendant was initially unresponsive and allegedly appeared confused.  He allegedly had blood shot eyes and slurred speech.  The Petition alleges that Defendant admitted to having a vaporizer with liquid marihuana inside, which smelled like marihuana.   With respect to the third allegation, Defendant allegedly failed to inform the Probation Office of his arrest within 72 hours. *Id.*

At the final revocation hearing on the Government's petition, the Defendant pleaded true to all the allegations.  (Minute Entry dated September 11, 2019.)

Based on the Defendant's plea of true to the alleged violations (No. 1-3) in the Petition, the undersigned found the Defendant violated the conditions of supervised release as set forth in allegations numbered one through three.  The undersigned found the Defendant committed two grade B violations and one grade C violation.  Based on the Defendant's criminal history category of II, the United States Sentencing Guidelines Manual suggests a range of imprisonment between 6 and 12 months for grade B violations and 4 and 10 months for grade C violations.  U.S.S.G. § 7B1.4.

In crafting the appropriate revocation sentence, a court may impose (1) a sentence within the guidelines range, (2) "an upward or downward departure as allowed by the Guidelines," and (3) "a non-Guideline sentence or a variance that is outside of the relevant Guidelines range." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir.2008) (internal quotation marks and citation omitted). The court may impose any sentence that falls within the statutory maximum term of imprisonment allowed for the revocation sentence, 18 U.S.C. § 3583(e)(3), and the court must consider the permissible factors enumerated in 18 U.S.C. § 3553(a), along with the nonbinding policy statements found in Chapter Seven of the Sentencing Guidelines. *United States v. Walker*, 742 F.3d 614, 616 (5th Cir. 2014). The permissible section 3553 factors include: the Defendant's criminal history and characteristics; the need for adequate deterrence; the need for protection of the public; the need for effective care, training, or treatment; the kinds of sentence and sentencing range established for the Defendant's applicable category of offense; the pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims. *See* 18 U.S.C. § 3583(e). The primary sentencing goal upon revocation of supervised release is to sanction the defendant for failing to abide by the terms of the supervision. *See* U.S.S.G. Ch. 7, Pt. A, intro. comment ¶ 3(b); *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

Here, the Probation Officer recommended for the Court to recommend a sentence of twelve (12) months, followed by a recommended term of supervised release of twenty-four (24) months. The Government was not opposed to a sentence within the Sentencing Guidelines. Defense Counsel argued that Defendant has managed to stay clean, aside from the alleged incidents. Given Defendant's struggle with addiction, Defense Counsel said Defendant is willing to undergo treatment. Defense Counsel argued that a longer sentence would make it harder for

Defendant to get back to his job. Defendant was employed as a hotshot driver. Defendant has been in custody since May 3, 2019. Therefore, the undersigned advised she would be recommending the Defendant's supervised release be revoked and sentenced to 7 (seven) months with credit for time served and followed by a two (2) year term of supervised release with the original terms and conditions reinstated and the following modifications:

It is therefore **RECOMMENDED** the Defendant's plea of true to the alleged violations (Nos. 1-3) set forth in the Petition be **ACCEPTED**.

It is further **RECOMMENDED** the Defendant's term of supervised release be **REVOKED**.

It is further **RECOMMENDED** the Defendant be sentenced to seven (7) months imprisonment, with credit for time served and followed by a two (2) year term of supervised release.[1]

- It is further **RECOMMENDED** that Defendant participate in a substance abuse treatment, testing, and abstinence program, and that Defendant follow all program regulations.

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the Government each signed a form waiving their right to object to the proposed findings and recommendations contained in this Report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this Report. (Dkt. No. 108.) The Defendant also waived the right to be present and speak before

---

[1] "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences. . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). Furthermore, the Advisory Guidelines recommend that the term of imprisonment shall be served consecutively to any sentence of imprisonment that the Defendant is currently serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release. *See* U.S.S.G. § 7B1.3(f).

the District Judge when she imposes the recommended sentence.  *Id.*  Therefore, the District

Court may act on this Report immediately.

Signed on September 12, 2019, at Laredo, Texas.

_____
DIANA SONG QUIROGA
UNITED STATES MAGISTRATE JUDGE